IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SCOTT WYNN, an individual,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture, *et al.*,<br><br>　　　　*Defendants*. | No. 3:21–cv–00514–MMH–JRK |

## DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF RELATED CLASS ACTION

For the reasons stated in the attachment memorandum, Defendants Thomas J. Vilsack, in his official capacity as Secretary of Agriculture, and Zach Ducheneaux, in his official capacity as Administrator of the Farm Service Agency (collectively, USDA or Defendants), hereby move to stay the proceedings in this case pending resolution of proceedings in related litigation that has been certified as a class action under Federal Rule of Civil Procedure Rule 23(b)(2). Counsel for Defendants have conferred with counsel for Plaintiff, who indicate that Plaintiff opposes this request.

DATED: July 12, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Kyla M. Snow*
EMILY SUE NEWTON (VA Bar No. 80745)
Senior Trial Counsel
KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3259 / Fax: (202) 616-8460
Kyla.snow@usdoj.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SCOTT WYNN, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture, *et al.*,<br><br>*Defendants*. | No. 3:21–cv–00514–MMH–JRK |

## **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF RELATED CLASS ACTION**

Plaintiff Scott Wynn filed this action to challenge the U.S. Department of Agriculture's (USDA) implementation of Section 1005 of the American Rescue Plan Act of 2021 (ARPA) on equal protection grounds. This Court recently granted Plaintiff's request for a preliminary injunction and enjoined disbursement of Section 1005 funds on a nationwide basis pending resolution of the case on the merits.

As this Court is aware, Plaintiff's lawsuit is not the only challenge to Section 1005. There are currently twelve such lawsuits pending before courts across the country. In light of the recent grant of class certification in the earliest-filed challenge to Section 1005, Defendants respectfully request a stay of this case. Defendants understand that the Court very recently entered a scheduling order for proceedings in this matter. Despite working with diligence to review the class action certification in

the related case, consider next steps, and satisfy meet and confer requirements in this and related cases, Defendants regret that they were not able to file this stay motion before this Court issued the scheduling order in this case. But for the reasons stated below, Defendants submit that a stay is warranted at this juncture, in particular where other proceedings stand to resolve the Plaintiff's claims, as well as those of the other plaintiffs who have filed suit.

Specifically, after this Court issued its preliminary injunction, the Northern District of Texas certified two classes of farmers and ranchers bringing an equal protection challenge to Section 1005 like that Plaintiff brings here. *See* Order on Class Cert. & PI, *Miller v. Vilsack*, 4:21-cv-595 (N.D. Tex.) (attached as Ex. A). At the same time, that court issued an injunction that, like this Court's, prevents the Government from disbursing Section 1005 funds while the case is adjudicated on the merits. *Id.* Plaintiff is a member of the classes certified under Rule 23(b)(2), and Defendants will be bound by any relief granted to the classes with respect to Plaintiff should the classes' Section 1005 equal protection claim prevail.

Thus, continued adjudication of Plaintiff's claim in this Court, separate from the class to which he belongs, would be unnecessarily duplicative and risk inconsistent results. A stay, on the other hand, would not prejudice Plaintiff, where proceedings on the merits of the claims in both cases are just commencing, and Plaintiff will be bound by and benefit from any final judgment applicable to the classes. But it would preserve judicial resources and prevent hardship to Defendants, who would otherwise be required to continue defending against duplicative claims in separate courts, many

of which are being brought by this Plaintiff's counsel. Finally, the requested stay would be consistent with those granted by other courts in similar circumstances. For these reasons, Defendants respectfully request that this Court stay proceedings in this case until final resolution of the class challenge to Section 1005 in *Miller*.

## BACKGROUND

On May 18, 2021, Plaintiff Scott Wynn filed this action, alleging that USDA's implementation of ARPA Section 1005, which authorizes debt relief to socially disadvantaged farmers or ranchers, violates his right to equal protection. *See* Compl., ECF No. 1. Roughly one week later, Plaintiff moved for a preliminary injunction, which the Court granted on June 23. The nationwide preliminary injunction prohibits Defendants "from issuing any payments, loan assistance, or debt relief pursuant to Section 1005(a)(2) . . . until further order from the Court," but does "not enjoin Defendants from continuing to prepare to effectuate the relief under Section 1005 in the event it is ultimately found to be constitutionally permissible." Order 48-49, n.19 ECF No. 41. On July 8, the Court set a schedule for resolution of the case on the merits. ECF No. 43.

This is one of twelve cases, brought in courts around the country, challenging the implementation of Section 1005 on equal protection grounds. *See Miller*, 4:21-cv-595; *Faust v. Vilsack*, 1:21-cv-548 (E.D. Wis.); *Carpenter v. Vilsack*, 21-cv-103-F (D. Wyo.); *Holman v. Vilsack*, 1:21-cv-1085 (W.D. Tenn.); *Kent v. Vilsack*, 3:21-cv-540 (S.D. Ill.); *McKinney v. Vilsack*, 2:21-cv-212 (E.D. Tex.); *Joyner v. Vilsack*, 1:21-cv-1089 (W.D. Tenn.); *Dunlap v. Vilsack*, 2:21-cv-942 (D. Or.); *Rogers v. Vilsack*, 1:21-cv-1779 (D.

Colo.); *Tiegs v. Vilsack*, 3:21-cv-147 (D.N.D.); *Nuest v. Vilsack*, 21-cv-1572 (D. Minn.).[1] Three courts, including this one, have entered preliminary injunctions against disbursement of programmatic funds. *See* Order on Class Cert. & PI, *Miller*; PI Order, *Holman*, ECF No. 41.[2]

*Miller*, the first of these cases, was filed on April 26, 2021. Compl., *Miller*, ECF No. 1. On June 2, the *Miller* plaintiffs—five in total—moved to certify two classes of farmers and ranchers, Br. in Supp. of Mot. for Class Cert., *id.*, ECF No. 13, and for a preliminary injunction, Br. in Supp. of Mot. for PI, *id.*, ECF No. 18. Although the plaintiffs there assert equal protection, Title VI, and statutory construction claims, their preliminary injunction and class certification motions relied solely on their equal protection challenge to Section 1005. *See* Br. in Supp. of Mot. for Class Cert. 3.

On June 30, 2021, the *Miller* court granted both motions. Order on Class Cert. & PI, *id.* Adopting the plaintiffs' proposed class definitions in full, the court certified the following two classes under Rule 23(b)(2):

1. All farmers and ranchers in the United States who are encountering, or who will encounter, racial discrimination from the United States Department of Agriculture on account of section 1005 of the American Rescue Plan Act.

2. All farmers and ranchers in the United States who are currently excluded from the definition of "socially disadvantaged farmer or

---

[1] Defendants have not yet been served in all of these cases, and the Government does not waive any objections regarding service.

[2] The court in *Faust* had entered a temporary restraining order on June 8, 2021, but recently dissolved that order and stayed the *Faust* plaintiffs' motion for preliminary injunction in light of the preliminary injunction entered by this Court. Order 7, *Faust*, ECF No. 49. The *Faust* court explained that "in the event the injunction issued by the court in *Wynn* is vacated or materially altered, the stay can be lifted and Plaintiffs' motion can be given prompt consideration by the Court." *Id.*

4

> rancher," as defined in 7 U.S.C. § 2279(a)(5)–(6)[3] and as interpreted by the Department of Agriculture.

*Id.* at 5-6.  Although two classes were certified, the plaintiffs and the Court emphasized that the classes were specific to the plaintiffs' challenge to Section 1005.  *Id.* at 13; Class Cert. Reply 1, ECF No. 41 ("The plaintiffs—at this point in the litigation—are seeking classwide relief *only* against the continued enforcement of the racial exclusions in section 1005 of the American Rescue Plan Act."); *id.* at 4  ("These classes are being proposed for the purpose of obtaining preliminary classwide relief against the racial exclusions in section 1005.").

Additionally, in granting the plaintiffs' preliminary-injunction motion, the court enjoined Defendants

> from discriminating on account of race or ethnicity in administering section 1005 of [ARPA] for any applicant who is a member of the Certified Classes.  This prohibition encompasses: (a) considering or using an applicant Class Member's race or ethnicity as a criterion in determining whether that applicant will obtain loan assistance, forgiveness, or payments; and (b) considering or using any criterion that is intended to serve as a proxy for race or ethnicity in determining whether an applicant Class member will obtain loan assistance, forgiveness, or payments.

Order on Class Cert. & PI 22-23, *id.*  Like this Court's nationwide injunction, the *Miller* court's injunction precludes disbursement of Section 1005 funds while the case is adjudicated on the merits.[4]  The *Miller* court ordered the parties to submit a proposed

---

[3] Section 1005 incorporates the definition of "socially disadvantaged farmer or rancher" set out in 7 U.S.C. § 2279(a).
[4] On July 2, Defendants notified the court that it understood this injunction to be consistent with those entered in *Faust* and *Wynn*, in that it prohibits Defendants from issuing payments under Section 1005 but does not prohibit Defendants from "taking preparatory steps, including sending offer letters to

5

schedule for resolving the case on the merits by July 16.[5]

## STANDARD OF REVIEW

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That power applies "especially in cases of extraordinary public moment," when "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id.* at 707 (modifications omitted).

When determining whether to grant a stay, courts generally consider "(1) whether the stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer a hardship or inequity if forced to proceed, and (3) whether granting the stay would further judicial economy." *Garmendiz v. Capio Partners, LLC*, 8:17-cv-987, 2017 WL 3208621, at *1 (M.D. Fla. July 26, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936)). A stay must not be "immoderate," meaning it must specifically define its duration so as to not be "indefinite" in scope. *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982).

The interests of judicial economy carry significant weight: "Federal courts routinely exercise their power to stay a proceeding where a stay would promote

---

eligible borrowers, to enable prompt payments if later permitted." Notice 2, *id.*, ECF No. 61. Per order of the court, the plaintiffs responded to Defendants' Notice on July 5. Resp., *id.*, ECF No. 63. Defendants filed a reply July 6. Reply, *id.*, ECF No. 65.

[5] On June 29, Defendants filed a partial answer and partial motion to dismiss the plaintiffs' non-Section 1005 claims. *See* Partial Mot to Dismiss, *id.*, ECF No. 49; Partial Answer, *id.*, ECF No. 51.

judicial economy and efficiency." *Morrissey v. Subaru of Am., Inc.*, 1:15–cv–21106, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015) (citation omitted). That is especially so when a related case is "likely to have a substantial or controlling effect on the claims and issues in the stayed case," *id.* (quoting *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.,* 559 F.3d 1191, 1198 (11th Cir. 2009)), and a stay would therefore "avoid duplicative litigation," *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) ("It is well established that as between federal district courts, the general principle is to avoid duplicative litigation." (alterations and internal quotation marks omitted)).

## ARGUMENT

Defendants respectfully request that the Court stay the proceedings in this case until final resolution of the class challenge to Section 1005 in *Miller*.[6] All relevant factors support this proposed stay. Most significantly, a stay is in the interest of judicial economy: Because Plaintiff is a member of the classes challenging Section 1005 and will directly benefit from any relief granted in the classes' favor, staying this case would avoid unnecessarily duplicative litigation and potentially inconsistent results. Relatedly, a stay would not prejudice Plaintiff, who is already protected by multiple preliminary injunctions and who may receive all the relief he is entitled to upon final

---

[6] Defendants have not appealed the order granting a preliminary injunction and certifying the classes in *Miller* but reserve their right to do so. If the classes in *Miller* are decertified for any reason, the parties can brief the Court on whether the stay should be lifted.

7

judgment of the *Miller* class action. On the other hand, continuing to adjudicate Plaintiff's claim in this Court and in *Miller* simultaneously would impose hardship on Defendants, who would be required to defend against identical claims in multiple courts at the same time—including in ten other courts around the country (with Plaintiff's counsel here bringing five of those duplicative cases). Finally, courts regularly stay cases pending resolution of related class actions. Defendants request that this Court do likewise.[7]

## I. A stay is in the interest of judicial economy.

First, a stay of these proceedings would promote judicial economy because resolution of the class challenge to Section 1005 in *Miller* is likely to have a substantial or controlling effect on Plaintiff's claim in this case. Plaintiff undisputedly falls within the definition of those classes: He is a farmer who alleges that he is being subjected to racial discrimination due to USDA's provision of Section 1005 debt relief to socially disadvantaged farmers, because the definition of "socially disadvantaged farmer or rancher" does not automatically include farmers like him who self-identify as white. The classes in *Miller* were certified under Rule 23(b)(2), which means that Plaintiff cannot opt out of any judgment applicable to the classes. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 361-63 (2011). Thus, any relief ordered in *Miller* will apply in the same way to Plaintiff as it does to all other class members. *Id.* at 361-62 (noting that the relief sought in a Rule 23(b)(2) class "perforce affect[s] the entire class at once");

---

[7] Defendants plan to file similar stay motions in all of the other related cases challenging Section 1005.

8

*Juris v. Inamed Corp.*, 685 F.3d 1294, 1312 (11th Cir. 2012) ("Class action judgments will typically bind all members of the class."). Indeed, that relief will be *binding* on Plaintiff and would preclude him, like all other class members, from obtaining an alternative judgment in another proceeding. *Cooper v. Fed. Rsrv. Bank of Richmond,* 467 U.S. 867, 874 (1984).

Accordingly, permitting Plaintiff to continue litigating his claim in this Court, separate from the rest of the class to which he belongs, would create a risk of inconsistent results that could undermine the preclusive effect of a class-wide judgment and confuse Defendants' obligations to different class members. *See Dunn v. Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993), *aff'd,* 193 F.3d 1185 (11th Cir. 1999) (noting that one consideration for granting a stay is the possibility of "avoid conflicting orders"). For instance, if the plaintiff class succeeds in its equal protection challenge to Section 1005 in *Miller* but Plaintiff loses his claim here (or vice versa), Defendants would be subject to conflicting judgments concerning the constitutionality of Section 1005 and, importantly, their obligations toward this Plaintiff. Staying this case pending resolution of the class challenge to Section 1005 in *Miller* would promote judicial efficiency by avoiding this risk of such contradictory outcomes.

That *Miller* was certified as a class action after Plaintiff filed his case does not undermine the preclusive effect of any class-wide judgment or justify Plaintiff's continued litigation of his claim separately in this Court.[8] *Miller* was the first-filed case,

---

[8] As explained below, courts often stay proceedings while a motion for class certification is *pending*. *See infra* at 11 & n.6.

9

which underscores the conclusion that a stay here is appropriate and in the interest of judicial economy.  Under the first-filed rule, "where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed."  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *see also In re Checking Acct. Overdraft Litig.*, 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012) (explaining that the first-to-file rule is founded on the recognition that "[c]ompeting lawsuits involving the same parties and the same issues in separate jurisdictions waste judicial resources and can lead to conflicting results").

      The issues presented by the Section 1005 equal protection claim in *Miller* and this case are not only overlapping—they are identical.  Indeed, because Plaintiff is a class member, *this Plaintiff's claim* is being simultaneously litigated in two courts.  And, as Plaintiff and Defendants will both be bound by any class-wide judgment on Section 1005, litigating the cases separately does not benefit Plaintiff or serve judicial economy, but only burdens judicial resources at the risk of creating conflicting outcomes.  Moreover, both cases are still in their early stages—a case schedule was just entered in this case on July 8, and the parties' proposed case schedule is due in *Miller* on July 16.  Thus, staying this case at such an early phase of the proceedings would not cause unnecessary disruption, but would instead further promote efficient resolution of the Section 1005 claim before any case deadlines have passed in *Miller*.  The Court should therefore stay this case pending resolution of the first-filed equal protection class challenge to Section 1005 in *Miller*.

## II. A stay would not prejudice Plaintiff and would avoid hardship to the Government.

Additionally, and for the same reasons, staying this case pending resolution of the class challenge to Section 1005 in *Miller* would not prejudice Plaintiff. Again, the classes certified in *Miller* challenge the same agency action and seek the same relief. *Compare* Pls.' Br. in Supp. of Prelim. Inj. ECF No. 18, *Miller* (challenging the implementation of Section 1005 based on USDA's interpretation of "socially disadvantaged farmer or rancher" with reference to race), *with* Pl.'s Mot. for Prelim. Inj. 1-3, ECF No. 11 (same). Indeed, the *Miller* court has already ordered the relief that Plaintiff sought and obtained in this case: a preliminary injunction prohibiting the Government from disbursing payments under Section 1005. *See* Order on Class Cert. & PI, *Miller*. And because Defendants will be bound by a final judgment on the class action with respect to this Plaintiff, he is not harmed by a stay of his duplicative case.

Relatedly, a stay of the proceedings in this case would avoid hardship to the Government. Specifically, requiring the Defendants to defend Plaintiff's claim in this Court and the class action in *Miller* at the same time, with the potential for different case schedules, would drain the courts' and the Government's resources without any apparent benefit to Plaintiff. Indeed, the burden on Defendants is already significant, given that there are currently eleven other substantively similar lawsuits pending around the country, with additional requests for preliminary injunctive relief pending in several of those cases. Counsel for Plaintiff here have filed nearly identical complaints in four other jurisdictions, two of which they filed after they had already

11

obtained the preliminary injunction in this case.[9] Counsel should not be permitted to continue to file and litigate duplicative lawsuits in multiple jurisdictions, especially where the preliminary relief they seek in those cases exactly duplicates the relief they obtained from this Court. Moreover, particularly given the importance of the issues at stake, the Government should not be compelled to defend multiple cases raising substantially similar claims on different schedules and potentially subject to different discovery obligations—all while simultaneously defending against duplicative requests for nationwide preliminary injunctions. *Cf. Clinton*, 520 U.S. at 707 (explaining that "especially in cases of extraordinary public moment, a plaintiff may be required to submit to delay" (modifications omitted)).

### III.    Courts regularly stay cases pending resolution of related class actions.

Finally, a stay here would be consistent with other courts' recognition that a stay is generally warranted where "resolution of the issues raised in" a related class action "will necessarily impact" the case before them.[10] *Aleman ex rel. Ryder Sys., Inc. v. Sancez*, 21-cv-20539, 2021 WL 917969, at *2 (S.D. Fla. Mar. 10, 2021) (noting that "the Court entered an order staying proceedings" pending resolution of a related class action, "recognizing that the cases are related, and that the resolution of the issues raised in the Class Action will necessarily impact the proceedings in" the case); *see*

---

[9] *See McKinney*, 2:21-cv-212; *Kent*, 3:21-cv-540; *Dunlap*, 2:21-cv-942; *Tiegs*, 3:21-cv-147.

[10] Indeed, federal courts will regularly stay cases when a class certification motion is only pending, rather than already granted, in an earlier-filed related case. *See, e.g.*, *Sanchez-Cobarrubias v. Bland*, CV609-005, 2011 WL 841082, at *1 (S.D. Ga. Mar. 7, 2011) (reciting case history); *Bargas v. Rite Aid Corp.*, CV1303865MWFJEMX, 2014 WL 12538151, at *3 (C.D. Cal. Oct. 21, 2014).

*Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 112 F. App'x 89, 91 (2d Cir. 2004) (affirming dismissal without prejudice "based on the rule against duplicative litigation" where plaintiff's allegations "duplicated claims that had been included in separate class actions" against the defendant, and plaintiffs "were members of those classes"); *Richard K. v. United Behavioral Health*, 18-cv-6318, 2019 WL 3083019, at *7 (S.D.N.Y. June 28, 2019), report and recommendation adopted, 18-cv-6318, 2019 WL 3080849 (S.D.N.Y. July 15, 2019) (explaining that stay and dismissal without prejudice "are routinely found appropriate where, as here, the claims made in an individual lawsuit overlap with the claims being pursued by a certified class of which the individual plaintiff is a member"); *Jiaming Hu v. U.S. Dep't of Homeland Sec.*, 4:17-cv-2363, 2018 WL 1251911, at *4 (E.D. Mo. Mar. 12, 2018) ("Multiple courts of appeal[]" have approved the practice of staying a case, or dismissing it without prejudice, "on the ground that the plaintiff is a member of a parallel class action.").

In such cases, courts have ordered a stay of the same scope Defendants seek here, that is, a stay of all proceedings until final resolution of a related class action. *See, e.g.*, *Gonzales v. Berryhill*, 18-cv-603, ECF No. 28 (D.N.M. Mar. 5, 2019) (staying proceedings until the district court in a related case "issues a decision on the forthcoming motion for class certification and, if a class is certified in [the related case], until the conclusion of all proceedings in [the related case], including any appeals.").

The First Circuit's decision in *Taunton Gardens Co. v. Hills* illustrates the propriety of a stay in circumstances strikingly similar to this case. 557 F.2d 877 (1st Cir. 1977). There, the plaintiffs challenged "the administration of a major federal

13

program and the disbursement of a significant amount of federal money," and the case thus "present[ed] issues of 'public moment.'" *Id.* at 879. And there, much like here, the implementation of that federal program had spurred litigation "in more than ten district courts" around the country, and the Government was subject to multiple injunctions. *Id.* Moreover, like this case, a related action was certified as a class action. *See Taunton Gardens Co. v. Hills*, 421 F. Supp. 524, 526 (D. Mass. 1976). Although the plaintiffs in *Taunton Gardens* were not members of that class, the court noted that they challenged the same program and sought identical relief and, thus, that the class action determined the merits of the case. *Id.* Accordingly, the district court found it was in "the interest of justice" to stay all proceedings—including litigation of the pending motion for preliminary injunction—"pending entry of a final judgment in the class action case." *Id.* The First Circuit upheld the stay, also emphasizing that it was in the "public interest, the court's interest in efficient procedures, and the interest of justice" to stay the case and afford the Government "a reasonable opportunity to resolve its obligations in the national class action." 557 F.2d at 879. It also pointed out that the stay's duration, lasting until an appeal of the class action judgment was resolved, was reasonable. *Id.*

All of the factors considered by *Taunton Gardens* support a stay here: Plaintiff challenges a significant federal program presenting issues of "public moment," and undersigned counsel are defending against claims in twelve courts around the country. Additionally, the recently certified classes in *Miller* seek the same relief Plaintiff seeks in this case—and indeed, since Plaintiff is a member of those classes, resolution of the

14

challenge to Section 1005 in *Miller*, and any relief granted by that court, will operate to protect Plaintiff together with all other class members. Finally, the scope of the stay requested here—until resolution of the class action—is the same as that approved in *Taunton Gardens* and other cases. There, as here, the "public interest, the court's interest in efficient procedures, and the interest of justice" support a stay of all procedures pending resolution of the class challenge to Section 1005 in *Miller*.

## CONCLUSION

Accordingly, Defendants respectfully request that the Court stay all proceedings in this case pending resolution of the class challenge to Section 1005 in *Miller*.

Dated: July 12, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Kyla M. Snow*
EMILY SUE NEWTON (VA Bar No. 80745)
Senior Trial Counsel
MICHAEL F. KNAPP (Cal. Bar No. 314104)
KYLA M. SNOW (Ohio Bar No. 96662)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3259 / Fax: (202) 616-8460
Kyla.snow@usdoj.gov

*Counsel for Defendants*

## Local Rule 3.01(g) Certification

Counsel for Defendants certify that they have conferred with Plaintiff's counsel by phone, and Plaintiff opposes the motion to stay the case.

/s/ Kyla M. Snow<br>
KYLA M. SNOW<br>
Trial Attorney, U.S. Department of Justice

## Certificate of Service

I hereby certify that on July 12, 2021, a copy of the foregoing motion was filed electronically via the Court's ECF system, which effects service on counsel of record.

/s/ Kyla M. Snow<br>
KYLA M. SNOW<br>
Trial Attorney, U.S. Department of Justice