# Exhibit 1

P. Not. of Supp. Authority re Mot for Stay/
Denial of Stay, *Holman v. Vilsack*
Court: M.D. Fla.  Case No. 3:21cv514-MMH

Pacific Legal Foundation
930 G Street
Sacramento CA 95814 – 916.419.7111

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| ROBERT HOLMAN, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-01085-STA-jay |
| | ) |
| THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, and | ) |
| | ) |
| ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF RELATED CLASS ACTION

Before the Court is Defendants' motion to stay proceeding pending resolution of *Miller v. Vilsack*, 4:21-cv-595 (N.D. Tex.), a related class action. (ECF No. 45). Plaintiff has filed a response and opposes the motion. (ECF No. 48.) For the reasons set forth below, Defendants' motion is **DENIED**.

"A district court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). However, "it is also clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other

party nor the public will suffer harm from entry of the order." *Id*. at 396; *see also Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.") In this case, Defendants have not met their burden.

As noted by Defendants, Plaintiff filed this action to challenge the USDA's implementation of Section 1005 of the American Rescue Plan Act of 2021 ("ARPA"). (ECF No. 1.) This Court granted Plaintiff's request for a preliminary injunction and enjoined disbursement of Section 1005 funds on a nationwide basis pending resolution of the case on the merits. (ECF No. 41.) Defendants contend that Plaintiff is a member of the two classes certified by the *Miller* Court under Rule 23(b)(2), and Defendants will be bound by any relief granted to the classes with respect to Plaintiff should the *Miller* plaintiffs' claim prevail. Defendants argue that, continued adjudication of Plaintiff's claims in this Court, separate from the class to which he belongs, would be unnecessarily duplicative and risk inconsistent results. Defendants further argue that a stay would not prejudice Plaintiff who will benefit from any judgment applicable to the classes and who, in the meantime, is protected by the preliminary injunctions entered by the *Miller C*ourt and this Court. According to Defendants, a stay would also preserve judicial resources and prevent hardship to Defendants who would otherwise be required to continue defending against duplicative claims in separate courts.

Plaintiff has responded by correctly pointing out that his primary authority, *Vitolo v. Guzman*, 999 F.3d 353 (6th Cir. 2021), is not binding precedent in *Miller*, whereas it is binding in this Court. ("The government asks the Court to take this matter out of the hands of a Plaintiff who has already prevailed on a motion for preliminary injunction, and have his fate determined by other parties with other legal counsel in a court in a different judicial circuit that isn't bound by *Vitolo*

2

*v. Guzman*, 999 F.3d 353 (6th Cir. 2021)." (Resp. p. 8, ECF. No. 48.)) This fact alone militates against granting a motion to stay.

However, beyond that, the Court agrees with Plaintiff's argument that, if this matter is stayed, he "would have no say whatsoever in the pace at which *Miller* would proceed, including whether extensions of deadlines may be requested or granted by either party, or whether the government may seek en banc review by the Fifth Circuit, or whether ultimate review by the U.S. Supreme Court may occur." (*Id.* at p. 9.) Plaintiff could well have to wait years before he is able to resume his case in this Court.

Additionally, the interests of the *Miller* plaintiffs are not completely aligned with Plaintiff's interests, thus negating Defendants' claim of duplicative lawsuits. Plaintiff has alleged in his complaint that loan forgiveness will bar him from obtaining future loans from the USDA. While the government's position is that it can allow future loan eligibility for those who receive loan forgiveness under Section 1005, this Court has not decided the issue, and the issue has not been raised in *Miller*. Therefore, if the government accepts the suggestion of the *Miller* Court that "defendants will have a choice in whether to respond to the proposed injunction by extending loan forgiveness to all farmers and ranchers, or whether to respond by withholding loan forgiveness from everyone," *Miller*, No. 4:21-cv-595, ECF No 18 at PageID 675, and chooses to eliminate the race requirement of Section 1005, Plaintiff's claim concerning eligibility for future loans will be left unadjudicated. Finally, Plaintiff may choose to opt out of the *Miller* classes, thus leaving his interest unrepresented.

In summary, Defendants have not shown that a stay is warranted in this matter, and their motion to stay proceedings is **DENIED**. The parties are **DIRECTED** to confer and then submit a joint proposed scheduling order to the Court's ECF inbox in word processing format within

3

fourteen (14) days of the entry of this order. The Clerk of the Court will set a scheduling conference by separate order.

    IT IS SO ORDERED.

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            CHIEF UNITED STATES DISTRICT JUDGE

                                            Date: August 2, 2021.