# Exhibit 1

*Order Granting Stay*

*ECF No. 42, Dunlap v. Vilsack, No. 2:21-cv-942 (D. Or.)*

*September 21, 2021*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

KATHRYN DUNLAP;                                        Civ. No. 2:21-cv-00942-SU
JAMES DUNLAP,

                   v.                                               **OPINON & ORDER**

THOMAS J. VILSACK;
ZACH DUCHENEAUX,

                   Defendants.
_____
SULLIVAN, Magistrate Judge.

       This civil rights case comes before the Court on a Motion to Stay filed by Defendants Thomas Vilsack and Zach Ducheneaux. ECF No. 16. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, Defendants' Motion to Stay is GRANTED and this case is STAYED pending resolution of related class action litigation in the Northern District of Texas.[1]

---

[1] The parties have not consented to magistrate judge jurisdiction. "Where the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter." *Mitchell v. Valenzuela*, 791 F.3d 1166, 1170 (9th Cir. 2015) (internal quotation marks and citations omitted, alterations normalized). "By contrast, a motion to stay is nondispositve where it does not dispose of any claims or defenses and does not effectively deny any ultimate relief sought." *Id.* (internal quotation marks and citation omitted, alterations normalized); *see also SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (a "motion to stay litigation that is not dispositive of either the case or any claim or defense in it may properly be determined by a magistrate judge." (internal quotation marks and citation omitted)). The stay in this case will not dispose of any claims or defenses and will not effectively deny any ultimate relief sought by Plaintiffs and so this case is properly resolved as an Opinion and Order, rather than by referral to a district judge.

## LEGAL STANDARD

"District courts have the discretion to stay proceedings pending before them." *Patton v. DePuy Orthopedics, Inc.*, Case No. CV 19-81-GW(JCx), 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936) and *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which would bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863-64. In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "'(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" *Patton*, 2019 WL 851933, at *3 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

## DISCUSSION

In March of 2021, Congress enacted the American Rescue Plan Act of 2021 ("ARPA"). Section 1005 of the ARPA directs the Secretary of Agriculture to "provide a payment in an amount of up to 120 percent of the outstanding indebtedness of each socially disadvantaged farmer or rancher as of January 1, 2021." Compl. ¶ 2. Under Section 1005, "[f]armers and ranchers who are Black, American Indian/Alaskan Native, Hispanic, Asian, and Hawaiian/Pacific Islander are eligible for loan assistance, regardless of whether they have suffered any racial discrimination in

obtaining loans, farming, or elsewhere," and "[f]armers and ranchers who are white are ineligible for loan assistance, regardless of their individual circumstances."  Compl. ¶ 3.

Plaintiffs Kathryn and James Dunlap are white farmers in Baker City, Oregon who hold eligible farm loans under Section 1005 and "would be eligible for assistance on these loans under Section 1005 if they identified as a member of any other racial group," but "because they identify as white, Plaintiffs are categorically excluded from loan assistance."  Compl. ¶¶ 4, 9-10.

Plaintiffs challenge the lawfulness of Section 1005, bringing claims for violation of their right to equal protection under the Due Process Clause of the Fifth Amendment and for violation of the Administrative Procedures Act ("APA").  Plaintiffs seek (1) a declaratory judgment that the "socially disadvantaged" provisions of Section 1005 violate the Fifth Amendment and are not otherwise in accordance with the law under the APA; (2) preliminary and permanent injunctions prohibiting Defendants from enforcing the "socially disadvantaged" provisions of Section 1005 and requiring Defendants to offer loan assistance to all farmers and ranchers with qualifying farm loans; (3) alternatively, an injunction prohibiting the enforcement of Section 1005 in its entirety and enjoining Defendants from distributing any loan assistance under Section 1005; (4) an award of costs and attorney fees; and (5) nominal damages.

Plaintiffs are not the only litigants to challenge Section 1005, nor were they the first to do so.  *See* Def. Mot. at 4 (listing eleven other cases challenging the implementation of Section 1005 on equal protection grounds).  One of those related cases, *Miller v. Vilsack*, 4:21-cv-595, is a class action pending in the Northern District of Texas.  The court in *Miller* has certified a class under Federal Rule of Civil Procedure 23(b)(2) and enjoined Defendants from administering Section 1005's loan program.  Plaintiffs are members of the certified class in *Miller*, which includes

> 1. All farmers and ranchers in the United States who are encountering, or who will encounter, racial discrimination from the United States Department of Agriculture on account of section 1005 of the American Rescue Plan Act.
>
> 2. All farmers and ranchers in the United States who are currently excluded from the definition of "socially disadvantaged farmer or rancher," as defined in 7 U.S.C. § 2279(a)(5)-(6) and as interpreted by the Department of Agriculture.

*Miller v. Vilsack*, Order on Class Certification, ECF No. 60 in Case No. 4:21-cv—00595-O (N.D. Tex.), at 5-6.

Defendants move to stay this case pending resolution of the class action in *Miller*. Defendants argue that, as Plaintiffs are members of the class certified in *Miller*, Defendants will be bound by any relief granted to the class, should the class prevail in its Fifth Amendment claim. Defendants also contend that permitting this case to proceed separate from the class action would be unnecessarily duplicative and would risk inconsistent results. In addition, *Miller*, and other courts, have issued nationwide injunctions prohibiting Defendants from implementing the challenged provisions of Section 1005, thereby maintaining the status quo between the parties. Accordingly, Plaintiffs already have the benefit of the injunctive relief they seek in the present case.

Plaintiffs object that granting the stay will deprive them of the opportunity to litigate their claims in the forum of their choice with the counsel of their choice. Plaintiffs also object that they have no control over the speed of the *Miller* litigation and that it may take years to resolve their claims. Plaintiffs also object that they have presented an APA claim, which is not present in the *Miller* case. Similar arguments have been raised by the plaintiffs in the parallel district court cases and most courts analyzing Defendants' similar motions for stay pending resolution of the class action have granted a stay. *See Faust v. Vilsack*, No. 21-C-548 (E.D. Wisc. Aug. 20, 2021); *Joyner v. Vilsack*, No. 21-1089-STA-jay (W.D. Tenn. Aug. 19, 2021); *Carpenter v. Vilsack*, No. 21-CV-

103 (D. Wyo. Aug. 16, 2021); *McKinney v. Vilsack*, No. 2:21-00212-RWS (E.D. Tex. Aug 30, 2021); *cf. Holman v. Vilsack*, 21-cv-01085-STA-jay, 2021 WL 3354169 (W.D. Tenn. Aug. 2, 2021).

The Court joins the majority of other district courts who have considered the issue and concludes that the interests of judicial efficiency weigh in favor of a stay. First, the requested stay would not unduly prejudice Plaintiffs, nor would it present tactical disadvantages to Plaintiffs. Plaintiffs belong to the class certified in the *Miller* case, which involves the same defendants, general claims, and request for relief as in the present case. The *Miller* court ascertained that class counsel "will adequately represent the interests of class members similarly situated in zealously pursuing the requested relief." *Miller* Order on Class Certification, at 12. If Plaintiffs do not feel they are adequately represented by the class, they may attempt to opt out of the class and move to lift the stay. Similarly, if *Miller* is significantly delayed, or the class is decertified, or the class abandons the claims focusing on Section 1005, Plaintiffs may move to lift the stay in this Court. A stay will avoid unnecessary, duplicative government action and allow for efficient, consistent litigation. After weighing all the relevant factors, the Court concludes that a stay is warranted.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Stay, ECF No. 16, is GRANTED and this case is STAYED pending resolution of the class challenge to Section 1005 in *Miller v. Vilsack*, Case No. 4:21-cv-0595-O (N.D. Tex.) or until order of this Court. Defendants are ordered to file a status report every ninety (90) days on the progress of the *Miller* litigation.

It is so ORDERED and DATED this 21st day of September 2021.

/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge