IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SCOTT WYNN, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>TOM VILSACK, in his official capacity as U.S. Secretary of Agriculture; ZACH DUCHENEAUX, in his official capacity as Administrator, Farm Service Agency,<br><br>    Defendants. | Civil Action<br>No. 3:21-cv-00514-MMH-LLL |

**PLAINTIFF'S OPPOSITION TO MOTION FOR EXTENSION OF DISCOVERY DEADLINE**

**INTRODUCTION**

When this Court entered a preliminary injunction in June, it stressed that it will "require the parties to proceed with the greatest of speed in reaching a final adjudication in this case." ECF No. 41 at 49. The Court's scheduling order—issued over four months ago—"acknowledge[d] the expedited schedule will require the parties to work diligently to prepare this case for final adjudication," but emphasized that such a schedule was necessary "to provide clarity to the large number of socially disadvantaged farmers and ranchers who were expecting relief." ECF No. 43 at 2. As such, it observed that it has done everything possible to set the appropriate deadlines. *Id*. at 4. It instructed the

1

parties to proceed accordingly, and warned them not to assume that the Court will extend the deadlines. *Id. See also* Order Denying Defendants' Motion for an Administrative Stay, ECF No. 50 (similar).

The Federal Rules of Civil Procedure provide that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(a)'s good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (internal quotations and citations omitted). If the moving party "was not diligent, the [good cause] inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Defendants cannot show good cause for their requested extension. Defendants base their request on the claim that "Plaintiff's extensive discovery requests have imposed a considerable burden on the Government and additional time is necessary to permit Defendants to comply with those requests." ECF No. 76 at 1. But this contention is factually incorrect and legally irrelevant. Plaintiff propounded the bulk of his discovery requests over three months ago, and to date, Defendants have only produced approximately 4,500 pages and have not yet reviewed 15,000 documents. *Id.* at 3.[1] In all

---

[1] For months, the parties attempted to negotiate a solution that would not require this Court's intervention. Unfortunately, due to Defendants' inability

2

events, if Defendants believed that Plaintiff's discovery requests were unduly burdensome, they could have worked with Plaintiff to narrow them or sought a protective order from this Court. Defendants' obligation to respond to ordinary discovery does not serve as a basis for modifying the Court's longstanding scheduling order, nor does it warrant delaying "clarity to [a] large number" of farmers awaiting the outcome of this litigation. ECF No. 43 at 2.[2]

## FACTUAL BACKGROUND

In a series of three orders this summer, this Court repeatedly stressed the need to "proceed with the greatest of speed." Order Granting Mot. for Prelim. Inj., ECF No. 41 at 49; *see also* Scheduling Order, ECF No. 43 at 2 (instructing the parties to work diligently to meet the expedited schedule); Order Denying Defs.' Mot. for Admin. Stay, ECF No. 50 (instructing the parties to proceed as directed).

Plaintiff has proceeded accordingly. On August 11, 2021, Plaintiff propounded his first set of discovery requests.[3] Since then, Plaintiff has consistently informed Defendants of the need to adhere to the Court's

---

to complete production of documents requested three months ago, along with other deficiencies in their discovery responses, Plaintiff intends to file a motion to compel in the coming days.

[2] In light of the expedited schedule and the need to promptly resolve the issues in this case, Plaintiff is filing this response in advance of the due date of November 26, 2021.

[3] Both parties propounded a smaller batch of discovery requests on November 3, 2021.

3

scheduling order.[4] For instance, after Defendants on August 31 requested a "reasonable extension" of time to answer Plaintiff's discovery requests, Plaintiff pointed out that since "the discovery cut-off for completing discovery and filing motions to compel is December 3," he was concerned that an extension would be prejudicial to the timely adjudication of this dispute. In the spirit of cooperation, Plaintiff requested that Defendants inform him "of the particular responses that [they believe] will take substantial time and effort to address." Defendants did not provide a written response, and although they mentioned one interrogatory during a call with Plaintiff, Defendants expressly declined to confer about the discovery requests at that time.

As relevant here, Defendants' initial discovery responses stated that Defendants will produce documents on a rolling basis. Yet Plaintiffs received only one set of documents totaling 4,399 pages on September 13, 2021—consisting almost exclusively of documents that Defendants had already cited in their opposition to the preliminary injunction. As early as September 20, Plaintiff requested that Defendants "identify the volume of additional documents that will be produced in response to these Requests and the date by which Defendants will complete production of *all* responsive documents

---

[4] In accordance with this District's discovery handbook, Plaintiff has not attached correspondence between the parties' counsel, but will do so if directed by this Court. *See* Middle District Discovery Handbook at 3.

4

(subject to their continuing duty to supplement)."[5] Defendants' response on October 1 stated that they "are unable at this time to specify precisely when the last of those documents will be produced, except to say that Defendants intend to complete production in accordance with the Court's scheduling order." Since then, Defendants have produced only 50 pages of documents and two Excel spreadsheets.

Plaintiff has stated his desire to stick with the discovery schedule imposed by the Court in other contexts as well. In response to Defendants' request to move the expert deadline, Plaintiff stated that while he was amenable to a one-week extension of the expert deadline, he "oppose[s] moving the discovery cut-off of December 3, [ ] given the short time period between the discovery cut-off and motions for summary judgment."[6]

---

[5] *See also* Middle District Discovery Handbook at 15 (directing that a response to a document request "should state a specific date when the responsive documents will be available. For example, to state that the requested documents will be available at an ambiguous 'mutually agreeable time' is not sufficient.").

[6] Despite not having the benefit of Defendants' full document production, Plaintiff notified Defendants on November 5 of his intent to schedule a 30(b)(6) deposition, including topics for examination. Plaintiff disagrees that the topics are less specific than what the Rule requires, but has engaged Defendants in discussions to narrow the topics in an effort to resolve the issues without the intervention of this Court.

## ARGUMENT

"Rule 16(a)'s good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec*, 527 F.3d at 1232 (internal quotations and citations omitted). Defendants have not exercised sufficient diligence. Since receiving Plaintiff's discovery requests over three months ago, Defendants have produced roughly 4,500 pages (most of which had already been identified during the preliminary injunction phase) and concede that "there remain more than 15,000 documents to [be] review[ed] for responsiveness and privilege." ECF No. 76 at 3. This does not approach the type of diligence that an expedited schedule requires.

Further, Defendants cannot now complain that Plaintiff's "discovery requests have far exceeded Plaintiff's earlier representations"—months after receiving those requests. *Id.* at 1. As Defendants seemingly admit elsewhere, Plaintiff has always been willing to work with Defendants to bring about a prompt resolution in this case. *Id.* at 3 (observing that the parties have already "narrow[ed] some of these requests through negotiation"). In all events, the Federal Rules allow parties to object to requests they believe to be unduly burdensome by moving for a protective order. *See Trino v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) ("[C]ourts should only limit discovery based on *evidence* of the burden involved, not on a mere recitation

6

that the discovery request is unduly burdensome.") (internal quotations omitted). Defendants have never done so, and their belated plea that the requests are burdensome does not justify an eleventh hour modification of this Court's Scheduling Order.

Finally, although this Court should deny Defendants' Motion based on their failure to show good cause, Defendants are also wrong when they claim that they "do[] not believe that Plaintiff will be prejudiced" by a month-long extension. The preliminary injunction here underscores the need to reach a prompt resolution in this case. And as this Court explained, the expedited schedule that has been in place for months is necessary not just for the benefit of Plaintiff, but also for the "large number of socially disadvantaged farmers and ranchers who were expecting relief." ECF No. 43 at 2.

## CONCLUSION

Defendants' Motion for an Extension of Discovery Deadline [ECF No. 76] should be denied.

DATED: November 18, 2021.

Respectfully submitted,

PACIFIC LEGAL FOUNDATION

s/ Wencong Fa

| | |
|---|---|
| Christina M. Martin | Wencong Fa* |
| Fla. Bar No. 100760 | Cal. Bar No. 301679 |
| Pacific Legal Foundation | Lead Counsel |
| 4440 PGA Blvd., Suite 307 | Daniel M. Ortner* |
| Palm Beach Gardens, FL 33410 | Cal. Bar No. 329866 |
| Telephone: (561) 691-5000 | Pacific Legal Foundation |
| Facsimile: (916) 419-7747 | 555 Capitol Mall, Suite 1290 |
| Email: CMartin@pacificlegal.org | Sacramento CA 95814 |
| | Telephone: (916) 419-7111 |
| | Facsimile: (916) 419-7747 |
| | Email: WFa@pacificlegal.org |
| | Email: DOrtner@pacificlegal.org |

Glenn E. Roper*
Colo. Bar No. 38723
1745 Shea Center Dr., Suite 400
Highlands Ranch CO 80129
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
Email: GERoper@pacificlegal.org

*Attorneys for Plaintiff*
*Special admission

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2021, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system, which will provide notice of the submission of this document to all counsel of record.

                         s/ Wencong Fa
                         Wencong Fa*
                         Cal. Bar No. 301679
                         Lead Counsel
                         * Special Admission