IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SCOTT WYNN, an individual, | Civil Action |
| | No. 3:21-cv-00514-MMH-LLL |
| Plaintiff, | |
| v. | |
| TOM VILSACK, in his official capacity as U.S. Secretary of Agriculture; ZACH DUCHENEAUX, in his official capacity as Administrator, Farm Service Agency, | |
| Defendants. | |

**DECLARATION OF WENCONG FA IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES**

The facts set forth in this declaration are based on my knowledge and, if called as a witness, I can competently testify to their truthfulness under oath. As to those matters that reflect a matter of opinion, they reflect my personal opinion and judgment upon the matter.

I, WENCONG FA, hereby declare and if called as a witness would testify as follows:

1.  I am lead counsel of record for Plaintiff Scott Wynn in this case and a senior attorney for the Pacific Legal Foundation (PLF). I had primary responsibility

1

for most of the briefing, conferences, oral argument, and communications with Mr. Wynn and opposing counsel.

2. I was admitted to the Texas Bar in 2013. I am also licensed to practice law in Texas and several federal courts, as well as the United States Supreme Court. Prior to joining PLF, I worked at Human Rights Initiative and Institute for Justice.

3. I have litigated numerous cases dealing with private property, equality under the law, school choice, economic liberty, and the First Amendment. As a Supreme Court litigator, I was counsel of record on the Petitions for Writ of Certiorari in *Minnesota Voters Alliance v. Mansky*, 138 S. Ct. 1876 (2018) and *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021), and worked on the litigation teams on the merits of those cases. I am also a frequent speaker on legal panels and author articles for the legal and mainstream press.

4. I have reviewed the record of hours associated with my work on this case and all the costs that have been submitted with this motion. I verify that the hours submitted are a true and correct reflection of the hours of substantive work I contributed to this case. The costs identified are a true and correct reflection of the costs that PLF necessarily incurred the identified costs in litigating this case. The entries submitted reflect the billing judgment of my team members and myself.

5. Attached as **Exhibit A** is a true and correct copy of the declaration from Scott Wynn, attesting that he is a private individual and that his net worth did not exceed $2,000,000.00 at the time this case was filed.

6. Attached as **Exhibit B** is a true and correct copy of the declaration from Jacksonville, Florida-based attorney Adam Brandon in support of this motion. Mr. Brandon attests that the prevailing market rate for lawyers of skill, experience, and reputation comparable to PLF's attorneys that litigated this case, in similarly complex litigation, ranges from $250 to $500 per hour or above.

7. Attached as **Exhibit C** is a true and correct copy of the declaration from Jacksonville, Florida-based attorney David Osborne in support of this motion. Mr. Osborne attests that the prevailing market rate for lawyers of skill, experience, and reputation comparable to PLF's attorneys that litigated this case, in similarly complex litigation, exceeds $250 to $300 per hour.

8. Attached as **Exhibit D** is a true and correct itemized record of the reasonable hours of work performed by PLF attorneys in this case. This report of time expended on the case has been reconstructed from contemporaneous time sheets. We have taken a conservative approach to the hours requested, including only what is essential. Time devoted to any tasks for which it could conceivably be deemed not proper to bill a client or which could conceivably be viewed as excessive, redundant, or otherwise unnecessary has been removed. We have included hours only for primary attorneys and have removed over 140 hours of recorded attorney time. Included for each item is the relevant attorney and task and time expended per activity; time expended totals are also included.

9. Attached as **Exhibit E** is a true and correct itemized record of reasonable expenses incurred by PLF attorneys in service of this litigation. This report of costs has been reconstructed from contemporaneous recording of costs. PLF is in possession of supporting invoices and provides as exhibits invoices of high-cost items. Included for each item is the date the expense was incurred, a description of the expense, and the amount incurred. Also shown, in the "Expert Services" section is a breakdown of the costs incurred and the amount in costs requested; the latter amount is less than the cost incurred in order to comply with principles of the Equal Access to Justice Act, 28 U.S.C. § 2412. The expert service expenses are further itemized through the invoices which are Exhibit F. Items identified in Mr. Wynn's Bill of Costs have been excluded.

10. Attached as **Exhibit F** is a true and correct copy of the invoice for expert services performed by Stephen G. Bronars, PhD, and his team from the firm, Edgeworth Economics.

11. Attached as **Exhibit G** is a true and correct copy of the expert report by Mr. Wynn's rebuttal expert, Stephen G. Bronars, PhD.

12. Attached as **Exhibit H** is a true and correct copy of the expert report by the Defendants' expert, Alicia M. Robb, PhD.

13. Attached as **Exhibit I** is a true and correct copy of the invoice for my air travel for the motion for preliminary injunction hearing.

14. Attached as **Exhibit J** is a true and correct copy of the invoice for the hotel for the motion for preliminary injunction hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED: October 12, 2022, at Sacramento, Calif.

SIGNED:

s/ Wencong Fa
Wencong Fa*
Lead Counsel
Cal. Bar No. 301679
555 Capitol Mall, Suite 1290
Sacramento CA 95814
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747
Email:  WFa@pacificlegal.org
Attorney for Plaintiff
* Special Admission