## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

SCOTT WYNN, an individual,

     Plaintiff,

v.                                  Case No. 3:21-cv-514-MMH-LLL

THOMAS J. VILSACK, in his
official capacity as U.S. Secretary of
Agriculture and ZACH
DUCHENEAUX, in his official
capacity as Administrator, Farm
Service Agency,

     Defendants.

_____

# O R D E R

**THIS CAUSE** is before the Court on the Report & Recommendation (Doc.

110; Report) entered by the Honorable Laura Lothman Lambert, United States

Magistrate Judge, on August 8, 2023. In the Report, Judge Lambert

recommends that the Court deny Plaintiff's Motion for Attorney Fees (Doc. 100;

Motion) filed October 12, 2022.   Report at 1.   Plaintiff Scott Wynn timely filed

his objections to the Report on August 15, 2023.   See Plaintiff's Objections to

Magistrate Judge's Report and Recommendations (Doc. 111; Objections).

Defendants (collectively, "the Government") have responded to the Objections.

See Defendants' Response to Plaintiff's Objections (Doc. 112; Response), filed August 29, 2023.   Accordingly, the matter is ripe for review.

## I.    Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. § 636(b). Pursuant to Rule 72, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."   See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1).   However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions.   See 11th Cir. R. 3-1.   As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice.   See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue— whether objected to or not.").

## II.    Discussion

In his Motion, Wynn seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Motion at 1.   Judge Lambert recommends that the Court deny the Motion on the grounds that Wynn is not a "prevailing party" for purposes of the EAJA, or, alternatively, because the Government's position was substantially justified. See Report at 13.   Upon independent review of the record and for the reasons that follow, the Court will adopt the portion of the Report in which Judge Lambert concludes that Wynn is not a prevailing party under the EAJA.   As such, the Court need not reach—and thus does not address—the Report's conclusion that the Government's position was substantially justified.

Because the Court finds that the Objections are due to be overruled and the Report adopted as the Court's opinion with respect to the determination that Wynn is not a prevailing party, the Court will not repeat the factual and procedural history or the arguments and authority addressed in the Report on that issue.   Instead, the Court writes briefly only to address Wynn's specific objections to the recommendation that he is not a prevailing party under the EAJA.

In the Objections, Wynn contends that Judge Lambert "failed to follow Eleventh Circuit precedent, under which 'a preliminary injunction on the merits entitles one to prevailing party status.'"   Objections at 5 (emphasis in

original) (quoting <u>Common Cause Ga. v. Georgia</u>, 17 F.4th 102, 107 (11th Cir. 2021)).   According to Wynn, "when a preliminary injunction is based on a likelihood of success on the merits and is not 'undone or superseded by a later ruling in the case,'" the plaintiff who obtained the injunction is a prevailing party.   <u>Id.</u> (citing <u>Melendez v. Dixon</u>, No. 3:20-cv-1023-BJD-JBT, 2022 WL 4120016, at *4 (M.D. Fla. Sept. 9, 2022)).   Wynn argues that the Report wrongly ignores the fact that he obtained a "preliminary injunction [that] was based on the strength of the merits" of his claims.   <u>Id.</u> at 5.   The fundamental problem with Wynn's argument is that it conflates the Court's <u>finding</u> of a strong likelihood of success on the merits—a requirement for obtaining a preliminary injunction—with Wynn's receipt of "<u>relief</u> on the merits" of his claim.[1]   <u>See</u> <u>Smalbein v. City of Daytona Beach</u>, 353 F.3d 901, 905 (11th Cir. 2003) (emphasis added).   As noted in the Court's Order, "[a] district court may grant a preliminary injunction <u>only</u> if the moving party establishes that: (1) [he] has a substantial likelihood of success on the merits . . . ."   Order (Doc. 41; Injunction Order) at 4 (emphasis added) (quoting <u>Gonzalez v. Governor of Ga.</u>, 978 F.3d 1266, 1270–71 (11th Cir. 2020), and citing <u>Siegel v. LePore</u>, 234 F.3d

---

[1] To the extent that the Court's ruling may have provided Wynn with "the moral satisfaction of knowing that a federal court concluded that his rights [likely] had been violated," the Supreme Court has noted that such "a judicial statement that does not affect the relationship between the plaintiff and the defendant is <u>not</u>" sufficient to make that plaintiff a prevailing party.   <u>See</u> <u>Hewitt v. Helms</u>, 482 U.S. 755, 761–62 (1987) (reasoning that "[t]he same moral satisfaction presumably results from any favorable statement of law in an otherwise unfavorable opinion").

1163, 1176 (11th Cir. 2000) (en banc)).   Thus, <u>every</u> preliminary injunction requires an assessment of the strength of the merits of the claim and a finding that there is a substantial likelihood of success on the merits.   <u>Wreal, LLC v. Amazon.com, Inc.</u>, 840 F.3d 1244, 1248 (11th Cir. 2016).   Despite the fact that showing a likelihood of success on the merits is required for any preliminary injunction, Wynn makes no attempt to square his contention that a "preliminary injunction on the merits entitles one to prevailing party status" with his concession that "preliminary injunctions do not <u>always</u> confer prevailing party status."   <u>See</u> Objections at 6–7.   Instead, he argues that he obtained relief on the merits because the "injunction 'materially alter[ed] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefit[ed]'" Wynn.   Objections at 6 (quoting <u>Lefemine v. Wideman</u>, 568 U.S. 1, 4 (2012)).[2]   He explains that the injunction materially altered the relationship because the Government was no longer "positioned to imminently violate Mr. Wynn's constitutional right to equal protection."   <u>Id.</u> at 6.   But the Court's Injunction Order did not alter the legal relationship between the parties, it merely preserved the status quo.   <u>See</u> Injunction Order at 47 (describing the injunction as one "that [would] maintain the status quo

---

[2] In citing <u>Lefemine</u>, Wynn appears to fail to recognize that the plaintiff there was a prevailing party because he obtained a permanent injunction in his favor.   <u>Lefemine</u>, 568 U.S. at 3.

and provide [Wynn] the <u>opportunity</u> to obtain any relief at all" (emphasis added)); <u>id.</u> at 49 n.19 (noting that this injunction did "not enjoin Defendants from continuing to prepare to effectuate the relief under Section 1005 in the event it is ultimately found to be constitutionally permissible"); <u>see also</u> <u>Sole v. Wyner</u>, 551 U.S. 74, 85 (2007) (treating the stated scope of a preliminary injunction as "controlling"). Notably, an injunction that merely preserves the status quo, without more, will not "alter the legal relationship between the parties" to justify an award of attorney's fees under the EAJA.  <u>See</u> <u>Markham v. Int'l Assoc. of Bridge, Structural, & Ornamental Iron Workers</u>, 901 F.2d 1022, 1027 (11th Cir. 1990) (concluding that the plaintiff was not a prevailing party because the preliminary injunction "merely preserved the status quo" and therefore "did not alter the legal relationship between the parties").   So Wynn is not a prevailing party based on the Court's Injunction Order.

And the fact that the injunction remained in place until Defendant repealed the objectionable statute does nothing to help Wynn's claim to prevailing-party status.   In support of this argument, Wynn cites <u>Common Cause/Georgia v. Billups</u>, 554 F.3d 1340, 1356 (11th Cir. 2009).   Objections at 6.  But he ignores that in <u>Billups</u> the court did not find the plaintiffs to be prevailing parties merely because they obtained a preliminary injunction, it only found them to be prevailing parties after finding that the injunction materially altered the plaintiffs' legal relationship with election officials.

<u>Billups</u>, 554 F.3d at 1356 ("The injunction prevented Georgia from enforcing the requirement of photo identification for in-person voting.").[3]    Accordingly, Wynn's objection is unavailing.

Next, Wynn states that binding Eleventh Circuit precedent, specifically <u>Markham</u>, 901 F.2d at 1027, "stands for the proposition that preliminary relief that is <u>not</u> based on the merits, but 'merely preserved the status quo,' does not confer prevailing party status . . . ."  Objections at 7.  He argues that Judge Lambert wrongly applied <u>Markham</u>, and attempts to distinguish it by asserting that <u>Markham</u> involved an "injunction [that] was <u>not</u> based on the merits."  <u>See</u> Objections at 7.  Examination of the <u>Markham</u> decision reveals that Wynn is mistaken.  In <u>Markham</u>, a union's general board placed its local union under a trusteeship, suspending the local union's regular meetings and control over its

---

[3] In citing <u>Billups</u>, 554 F.3d at 1346–47, Wynn incorrectly suggests that a plaintiff is a prevailing party whenever an "injunction remain[s] in place until the law is repealed."  <u>See</u> Objections at 6, 8.  In <u>Billups</u>, the preliminary injunction "materially altered [the plaintiffs'] legal relationship with . . . election officials" by "prevent[ing] Georgia from enforcing the requirement of photo identification for in-person voting."  <u>Billups</u>, 554 F.3d at 1356.  This remained true even after Georgia "repealed the law at issue" and replaced it with a less restrictive law.  <u>Id.</u>  However, Wynn is not similarly situated to the voters in <u>Billups</u>.  Those voters were required to comply with a set of requirements before they could exercise their existing rights, and the preliminary injunction eliminated those requirements.  <u>See id.</u>  In other words, it "materially altered" the legal relationship between the parties.  <u>Id.</u>  But the preliminary injunction in this case did not change Wynn's legal relationship to the Government.  It simply "removed [an] imminent threat" to Wynn's constitutional rights, Objections at 6, in order to preserve the status quo until the merits of his claim could be fully litigated.  <u>See Markham</u>, 901 F.2d at 1027 (determining that a party was not a prevailing party because "the preliminary injunction . . . merely preserved the status quo"); <u>see also</u> Injunction Order at 47 ("This Court . . . is firmly of the view that a narrow injunction that maintains the status quo in the specific circumstances of the plaintiff before the Court and nothing more is the appropriate remedy.").

assets until a union hearing could be held.   See Markham, 901 F.2d 1022, 1024. The district court granted injunctive relief after determining that, without a union hearing, such a trusteeship was improper under the circumstances of the case. See id. at 1024–25.   Describing the district court's findings, the Eleventh Circuit explained that the injunction was not based "on Local 272's demonstrated ability to succeed on the merits of its claim that the trusteeship was unjustified," but rather "on the much narrower basis of Local 272's claim that, in the absence of an emergency, a trusteeship should not be imposed prior to a full and fair hearing."   Id. at 1025.   In other words, the preliminary injunction simply addressed the plaintiff's claim that the trusteeship was legally premature.   See id.   And in issuing that injunction, the district court appears to have found that Local 272 was likely to succeed on the merits of that claim.   See id. at 1024–25 (explaining that the "court specifically determined that there was no emergency requiring imposition of the trusteeship prior to a hearing").   Despite obtaining injunctive relief on the merits of that claim, the preliminary injunction did not make Local 272 a prevailing party because its "only purpose . . . was to prevent any harm to Local 272" until the merits of its broader challenge could be evaluated.   Id. at 1027; cf. Injunction Order at 47 (describing the necessity of an injunction to "maintain the status quo and provide [Wynn] the opportunity to obtain any relief at all").   Contrary to Wynn's contention, Markham does not distinguish between preliminary

injunctions which are "based on the merits" of a plaintiff's claim and those which are "not based on the merits."[4]   Objections at 7 (emphasis omitted). Rather, <u>Markham</u> distinguishes between a preliminary injunction which provides a plaintiff some form of substantive relief and one that "merely preserve[s] the status quo." <u>Markham</u>, 901 F.2d at 1027–28.

Wynn also contends that "nothing in the controlling case law" suggests that the preliminary injunction must have entitled "Wynn to 'expanded rights or opportunities' or allow[ed] him to perform some action that would have otherwise been prohibited by the government" in order for him to be a prevailing party.   <u>Id.</u> at 8 (quoting Report at 11–12).   This objection, too, is unavailing. Judge Lambert did not suggest that precedent required such a specific showing. Instead, she found that Wynn had not shown that he was a prevailing party because he failed "to show a 'material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" Report at 11 (citing <u>Sole</u>, 551 U.S. at 77).   In doing so, she noted that the preliminary injunction preserved the status quo but did not "materially alter plaintiff's relationship with the Government."   Report at 11–12; <u>see also</u> <u>Sole</u>, 551 U.S. at 82 (articulating the requirement that there be a material alteration

---

[4] Again, the Court notes that any preliminary injunction requires a finding of a likelihood of success "on the merits."   So it is not surprising that Wynn's argument is unavailing.

to the parties' legal relationship).   While she also correctly observed that Wynn "did not receive debt relief or other expanded rights or opportunities," things which could have strengthened his argument, she did not suggest that such specific relief was a requirement to achieve prevailing party status under the EAJA.[5]   See Report at 12.   As such, this objection warrants no relief.

For similar reasons, Wynn's argument that the "Report relied far too heavily on . . . Holman v. Vilsack" is unavailing.   See Objections at 8 (citing Holman v. Vilsack, No. 1:21-cv-01085-STA-jay, 2023 WL 2776733 (W.D. Tenn. Apr. 4, 2023)).   He argues that "Holman was decided under the Sixth Circuit's framework, under which a plaintiff is not entitled to prevailing party status . . . unless the injunction also provides the plaintiff with 'something that c[an]not later be taken away.'"   Id. (alteration in original) (quoting Holman, 2023 WL 2776733, at *4).   While Wynn is correct that the decision in Holman was governed by Sixth Circuit precedent, he is mistaken in contending that Judge Lambert relied "too heavily" on that decision.   Indeed, the Court does not read the Report to rely on Holman in reaching the challenged conclusion.   Instead, Judge Lambert correctly cited the applicable standard under Eleventh Circuit precedent, and after correctly considering the procedural history of the case in

---

[5] A suggestion that some condition could be sufficient for a result is not an assertion that the condition is necessary for that result.   See MPower Comms. Corp. v. Ill. Bell Tel. Co., Inc., 457 F.3d 625, 632 (7th Cir. 2006) ("Confusing sufficient with necessary conditions is a logical blunder.").

light of the standard for determining prevailing party status, she concluded that Wynn had not "met his burden to show 'a material alteration of the legal relationship'" sufficient to make him a prevailing party for purposes of the EAJA.[6]  See Report at 11 (quoting Sole, 551 U.S. at 77).   While Judge Lambert went on to note that this result was "in accord with" Holman, id. at 12, she specifically recognized that "Holman analyzed the issue under the law of the Sixth Circuit."  Id. at 13 n.13.   Her conclusion that "the law of the Eleventh Circuit [would not] compel[] a different result" does not suggest that she misapplied the law.[7]   It only suggests her view that under the facts of Holman the result would likely have been the same applying the law applicable in this Circuit.   Id.   Accordingly, the Court is not persuaded that the Magistrate Judge "erred by relying on the out-of-circuit standards in Holman rather than Eleventh Circuit standards."   See Objections at 9.

---

        [6] While Judge Lambert cited Holman before stating this conclusion, it was for the proposition that Billups is factually distinct from the instant case.  See Report at 11.  The Court does not read the Report to adopt or apply any rule of law from the Sixth Circuit.

        [7] Wynn attempts to argue that the Eleventh Circuit law does compel a different result because "a plaintiff who receives a preliminary injunction on the merits is a prevailing party as long as it 'was not "reversed, dissolved, or undone" by any judicial decision.'"  Objections at 9 (emphasis omitted) (quoting Billups, 554 F.3d at 1356).  But for the reasons explained above, the injunction Wynn secured did not grant him "relief on the merits," see Common Cause, 17 F.4th at 107; instead it "merely preserved the status quo."  See Markham, 901 F.2d at 1027–28; see also Objections at 7 (conceding that such an injunction does not confer prevailing party status).

For all of the foregoing reasons, Wynn's objections to the determination that he is not a prevailing party for purposes of an award of attorney's fees under the EAJA are unavailing and due to be overruled.

Upon independent review of the file and for the reasons set forth above, the Court will overrule Wynn's Objections and accept and adopt the legal and factual conclusions recommended in the Report with respect to Wynn's failure to show that he is a prevailing party under the EAJA.[8]   Accordingly, it is

**ORDERED:**

1.   The portion of the Report & Recommendation (Doc. 110) which addresses whether Wynn is a prevailing party is **ADOPTED** as the opinion of the Court.

2.   Plaintiff Scott Wynn's Motion for Attorney Fees (Doc. 100) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of September, 2023.

MARCIA MORALES HOWARD
United States District Judge

---

[8] As discussed above, because the Court adopts Judge Lambert's conclusion that Wynn is not a prevailing party, the Court need not and does not reach the issue of whether the Government's position was substantially justified.

lc31

Copies to:

Counsel of Record